J-S38011-25, J-S38012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAROD BENSON | : | |
| | : | |
| Appellant | : | No. 575 EDA 2025 |

Appeal from the PCRA Order Entered January 24, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007687-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAROD BENSON | : | |
| | : | |
| Appellant | : | No. 1933 EDA 2025 |

Appeal from the PCRA Order Entered January 24, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003974-2011

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 13, 2026**

Sharod Benson appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2012, a jury found Benson guilty of attempted murder and aggravated assault for the shooting of Malik Wells. He was also found guilty

of carrying a firearm on the public streets or property in Philadelphia and possession of an instrument of crime.[1] The trial court sentenced Benson to an aggregate term of 12½ to 25 years' incarceration followed by five years of reporting probation. We affirmed the judgment of sentence. *See Commonwealth v. Benson*, No. 1910 EDA 2013, 2014 WL 10883563 (Pa.Super. filed Aug. 4, 2014) (unpublished mem.). Benson did not seek further direct review.

Benson filed the instant *pro se* PCRA petition, his second, in August 2023. *See* PCRA Petition, filed 8/18/23. Benson raised claims of ineffective assistance of counsel, a *Brady* violation, constitutional infringements, and unavailable exculpatory evidence.[2] *See id.* at 2. Benson claimed the unknown facts time-bar exception, alleging that when at the prison law library reading court opinions – including one from 2014 – in the case against his codefendant, Zaher Cyrus, he learned that Cyrus had allegedly admitted to shooting Wells. He also claimed the governmental interference exception, asserting a *Brady* violation for the prosecution's failure to disclose Cyrus's alleged admission.

The PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing, concluding that the petition was untimely. *See* Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907, filed 8/23/24.

---

[1] 18 Pa.C.S.A. §§ 901(a), 2502, 2702(a), 6108, and 907(a), respectively.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

The court explained that Benson had not alleged the date on which he allegedly discovered the facts underlying his claims. It also found that he had not explained why he could not have learned the facts earlier with the exercise of due diligence. Benson submitted a response to the Rule 907 notice and, without leave to do so, filed an amended PCRA petition. The court ultimately dismissed the PCRA petition as untimely. *See* Order, filed 1/24/25. This timely appeal followed.

Benson raises the following issues:

1. Did the P.C.R.A. Court err when it failed to grant [Benson] relief for exceptions: § 9545 (B)(1)(i) and § 9545 (B)(1)(ii)?

2. Whether the P.C.R.A. Court erred in dismissing [Benson's] P.C.R.A. Petition without an evidentiary hearing because without such a hearing the P.C.R.A. Court did not have evidence from which to conclude if there was a Prosecutorial Misconduct and a ***Brady v. Maryland***, 373 U.S. 83 (1963); ***Giglio v. United States***, 405 U.S. 1509 (1972)?

3. Did the P.C.R.A. Court err in failing to address [Benson's] Supplemental P.C.R.A. which included newly discovered evidence and Brady?

Benson's Br. at 4 (suggested answers and some unnecessary capitalization omitted).

When reviewing the denial of PCRA relief, we determine "whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We agree with the PCRA court that the petition was untimely. A petitioner has one year from the date the judgment of sentence becomes final to file a timely PCRA petition unless an exception applies. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). When a petitioner files a PCRA petition beyond the one-year deadline, the petitioner must plead and prove a time-bar exception. These exceptions include governmental interference, unknown facts, and a new constitutional right that has been recognized to apply retroactively. **See id.** at § 9545(b)(1)(i)-(iii). The petitioner must raise the claim within one year from the time it could have been raised. **See id.** at § 9545(b)(2).

Here, Benson's judgment of sentence became final on September 3, 2014, when the time to file a petition for allowance of appeal with our Supreme Court expired. **See** Pa.R.A.P. 1113(a). Benson had one year from that date to file a timely PCRA petition. Thus, the instant petition, which was filed in August 2023, was patently untimely.

Benson's claims to the unknown fact exception and the governmental interference exception fail. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii), (b)(1)(i). For the newly discovered fact exception, the petitioner must plead and prove that the facts on which he bases his claim were unknown to him and he could not, through the exercise of due diligence, have ascertained those facts. **See**

*Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007). For the governmental interference exception, the petitioner must plead and prove that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). A *Brady* claim may meet the governmental interference exception if the petitioner proves that the failure to raise the claim was the result of governmental interference and "the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)

Both exceptions required Benson to plead and prove due diligence in learning the information. "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa.Super. 2011).

Benson claims that in 2023, he learned of his codefendant's alleged admission to shooting Wells "upon reading both judges['] opinions from the Superior and District Court where the courts acknowledged [and] admitted" his co-defendant's confession. *See* PCRA Petition, at 4. The PCRA court concluded that Benson failed to "demonstrate that he could not have discovered the information in his former co-defendant's case earlier with the exercise of due diligence." PCRA Ct. Opinion, filed 1/24/25, at 3 (unpaginated). We agree. The opinions from this Court in both Benson's and Cyrus's direct appeals were filed on the same date, August 4, 2014. *See*

*Commonwealth v. Benson*, No. 1910 EDA 2013, 2014 WL 10883563, at *1 (Pa.Super. filed Aug. 4, 2014); *Commonwealth v. Cyrus*, No. 38 EDA 2013, 2014 WL 10806038, at *1 (Pa.Super. filed Aug. 4, 2014) (unpublished mem.) Benson fails to demonstrate why he could not have obtained these opinions through the exercise of due diligence before 2023. His closest effort to doing so is his statement that in an unrelated case, a judge concluded that a defendant could not have obtained a codefendant's testimony at a PCRA hearing because he was incarcerated. *See* Benson's Br. at 15. That may explain any delay in Benson obtaining transcripts of Cyrus's trial, but it does not explain his delay in learning about Cyrus's alleged admissions by going to the prison law library and reading the decision from 2014. Having failed to demonstrate that this information could not have been ascertained with due diligence, Benson did not establish either exception.

Benson's argument that the PCRA court should have considered his amended petition lacks merit because he did not seek leave to file it. We do not reach Benson's second issue, which addresses the merits of his *Brady* claim, because Benson has not established a time-bar exception. The court did not err in dismissing Benson's petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2026